**Joshua L. Ross,** Oregon State Bar ID Number 034387
jross@stollberne.com
Stoll Stoll Berne Lokting & Shlachter P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204
Telephone (503) 227-1600
Fax (503) 227-6840

**Keith D. Karnes**, Oregon State Bar ID Number 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ARNALL EVENRUD and LAURA EVENRUD<br>Plaintiffs,<br>v.<br>SANTANDER CONSUMER USA, INC. dba DRIVE FINANCIAL<br>Defendant. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, UNLAWFUL DEBT COLLECTION PRACTICES ACT and TELEPHONE CONSUMER PROTECTION ACT<br><br>JURY REQUESTED |

JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C.

§1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") as well as other state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

PARTIES

4. Plaintiffs Arnall Evenrud and Laura Evenrud (hereinafter "Plaintiffs") are natural persons who reside in the City of Salem, State of Oregon, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Santander Consumer USA Inc, dba Drive Financial (hereinafter "Defendant") operates from an address of 8585 N. Stemmons Freeway Suite 1100-N Dallas, Texas 75247 is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and ORS 646.639(1)(g).

FACTUAL ALLEGATIONS

6. Plaintiffs have a child who has medical problems. Plaintiffs obtained a cell phone for their child to reach Plaintiffs when needed.

7. Since September 2008 Plaintiffs have received over 150 phone calls from Defendant on the cell phone Plaintiffs obtained. Each time Defendant called Plaintiffs it did so to collect a debt it alleged was owed by someone named "Jesse or Jessie Knight."

8. The phone calls interfere with Plaintiffs' ability to care for their child.

9. Defendant has called Plaintiffs as often as at least 50 times a month and several times a day for several days in a row.

10. At no time have Plaintiffs resided with or associated with anyone named Jesse or Jessie Knight. No one named Jesse or Jessie Knight has ever been listed or registered under Plaintiffs' phone number while the number was assigned to Plaintiff.

11. On or about October 13, 2008 when Defendant called Plaintiff, Plaintiff explained she was not Jesse or Jessie Knight, that Defendant had the wrong number, and provided Defendant with Plaintiffs' attorney's contact information. Defendant advised Plaintiffs they would up-date their records but would not assure Plaintiffs that the calls would not continue.

12. Plaintiffs' attorney subsequently wrote Defendant a letter on October 15, 2008 requesting Defendant to stop contacting Plaintiffs and to settle the matter promptly.

13. Despite Plaintiffs' efforts Defendant continues to call Plaintiff.

14. As a direct and proximate result of Defendant's actions Plaintiffs have suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

## TRIAL BY JURY

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692b(3), 1692c(b), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(10), and 1692f.

18. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

### UNLAWFUL DEBT COLLECTION PRACTICES ACT

19. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

20. Defendant's actions constitute multiple violations of the UDCPA including but not limited to ORS 646.639(2)(e).

21. As a result of such action Plaintiffs are entitled to actual damages and punitive damages in an amount to be determined at trial and injunctive relief pursuant to ORS 646.641.

## COUNT III

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227

22. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1), (2), and (3).

24. As a result of Defendant's violations Plaintiffs are entitled to an order enjoining Defendant from further violations of the TCPA, and the greater of actual damages or $500 in statutory damages for each violation. Because, as alleged, Defendant had full knowledge that its phone calls to Plaintiffs were improper and illegal, Defendant's violations of the TCPA are willful or knowing and, thus, Plaintiffs are entitled to three times the amount of any damages awarded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

### CLAIM I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

for an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

### CLAIM II.

### UDCPA

### ORS 646.639 *et seq*

for an award of actual and punitive damages against Defendant in an amount to be determined at trial pursuant to ORS 646.641;

for an order enjoining Defendant from violating any provision of the UDCPA pursuant to

ORS 646.641;

for attorneys fees and the costs of litigation against Defendant pursuant to ORS 646.641.

COUNT III

TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. § 227 *et seq.*

for an order enjoining Defendant from violating the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

for an award of the greater of actual damages or $500 per violation for the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

for an order finding that Defendant's violation of the TCPA was willful and knowing;

for an award of treble damages under the TCPA, 47 U.S.C. § 227(b)(3); and such other and further relief as the Court deems just and proper.


DATED: February 2, 2009

/s/ Keith D. Karnes
**Joshua L. Ross,** OSB# 034387
Telephone (503) 227-1600
**Keith D. Karnes**, OSB# 03352
Telephone (503) 362-9393

Attorneys for Plaintiffs